CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
March 13, 2025
LAURA A. AUSTIN, CLERK
BY: /s/ S. Wray
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | Case No. 7:08-cr-00015 |
| v. ) | |
| ) | |
| ROBIN CHANTELL ) | |
| CHILDS-BECKHAM, ) | |
| ) | By: Michael F. Urbanski |
| Defendant ) | Senior United States District Judge |

## MEMORANDUM OPINION

Defendant Robin Chantell Childs-Beckham ("Childs-Beckham"), proceeding pro se, asks this court to seal her federal criminal record in this case in which she was convicted and incarcerated for possessing more than five grams of cocaine with intent to distribute under 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Am. J., ECF No. 36; Mot. Seal, ECF No. 54. For the reasons set forth below, Childs-Beckham's motion is **DENIED**.

## BACKGROUND

On March 6, 2008, Childs-Beckham was indicted on six counts of knowingly and willfully distributing a measurable quantity of a mixture or substance containing cocaine, a Schedule II narcotic controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and one count of knowingly and willfully possessing with the intent to distribute more than five grams of a mixture or substance containing cocaine base, a Schedule II narcotic controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). Indictment, ECF No. 3, at 1–3. On June 30, 2008, Childs-Beckham pled guilty to Count Seven of the indictment. Plea Agreement, ECF No. 27, at 2. Counts One through Six were dismissed by motion of the

government. Am. J., ECF No. 36, at 1. Childs-Beckham was sentenced to 60 months of imprisonment and four years of supervised release. Id. at 2–3. Childs-Beckham served her term of incarceration and was granted early termination of her term of supervised release on October 2, 2013. Order, ECF No. 46.

Childs-Beckham has previously filed two motions to expunge her criminal record, both of which were denied by this court. ECF Nos. 49, 52. On December 23, 2024, Childs-Beckham filed a letter motion to seal her criminal record, citing legislation passed in Virginia providing for such relief. Mot. Seal, ECF No. 54; Va. Code. Ann. §§ 19.2-392.5–19.2-392.17. Childs-Beckham hopes that such relief will give her a "second chance to pursue better employment, housing, and education[al] opportunities," as well as to alleviate some of the ill-effects of her lost employment. Mot. Seal, ECF No. 54. She also states that she would like to obtain education that would allow her to work as a medication aid and that she cannot so do with this federal conviction on her record. Id.

## ANALYSIS

Childs-Beckham seeks to seal her criminal record pursuant to a series of Virginia statutes. Va. Code Ann. §§ 19.2-392.5–19.2-392.17; Mot. Seal, ECF No. 54. As an initial matter, the statutory scheme refers to violations of Virginia law. See, e.g., Va. Code Ann. § 19.2-392.6A (referring to automatic sealing for violations of certain Virginia statutes). Moreover, under the statutes, when an individual seeks to have their criminal record sealed, where such record is not eligible for automatic sealing, the individual is required to file a petition "in the circuit court of the county or city in which the case was disposed of." Va. Code. Ann. § 19.2-392.12C. The individual is further required to "request that the Central

Criminal Records Exchange [] electronically forward a copy of the petitioner's <u>Virginia criminal history</u> record to the circuit court in which the petition was filed." Va. Code. Ann. § 19.2-392.12E (emphasis added). Thus, the statutory scheme applies only to Virginia state-level convictions; here, Childs-Beckham was convicted of a <u>federal</u> offense.[1]

## A. Motion to Seal

Federal law pertaining to the sealing of court records differs markedly from the Virginia statutory scheme. The Supreme Court in <u>Nixon v. Warner Communications, Inc.</u> noted that "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." 435 U.S. 589, 597 (1978) (internal footnote omitted). However, "[a] trial court . . . may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." <u>United States v. Harris</u>, 890 F.3d 480, 492 (4th Cir. 2018) (quoting <u>In re Knight Pub. Co.</u>, 743 F.2d 231, 235 (4th Cir. 1984)). The public right of access may derive from either the common law or the First Amendment. <u>United States v. Doe</u>, 962 F.3d 139, 145 (4th Cir. 2020). In the case of the former, the "presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" <u>Doe v. Public Citizen</u>, 749 F.3d 246, 266 (4th Cir. 2014) (quoting <u>Rushford v. New Yorker Mag., Inc.</u>, 846 F.2d 249, 253 (4th Cir. 1988)). In the case of the latter, the right of access does not apply to all judicial documents, but "only to particular judicial records and documents," with a restriction of access permitted if "necessitated by a

---

[1] The court notes that even under Virginia law, Childs-Beckham's conviction would not be sealed, as her offense is not analogous to those offenses permitted to be automatically sealed under Va. Code Ann. § 19.2-392.6A or offenses in which a defendant may petition a circuit court for sealing under Va. Code Ann. § 19.2-392.12A.

3

compelling government interest and the denial of access is narrowly tailored to serve that interest." Id. (internal quotations omitted).

In the Fourth Circuit, a district court considering a motion to seal must "give the public notice of the request to seal and a reasonable opportunity to challenge the request." Va. Dep't of State Police v. Wash. Post, 386 F.3d 567, 576 (4th Cir. 2004). A judicial officer determining whether to seal judicial records must further "consider alternatives to sealing the documents which may include giving the public access to some of the documents or releasing a redacted version of the documents." In re Application of the United States for an Order Pursuant to 18 U.S.C. Section 2703(D), 707 F.3d 283, 294 (4th Cir. 2013) (internal quotations omitted). Under these precedents, the court is to "consider less restrictive alternatives to sealing," and is instructed to "state the reasons for its decision with specific findings." Harris, 890 F.3d at 492 (internal quotations omitted). The public received notice of Childs-Beckham's request to seal as the motion was "docket[ed] . . . reasonably in advance of [this court] deciding the issue," Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 181 (4th Cir. 1988), and the "public opportunity to challenge requirement is met when the court allows sufficient time for objections to be made." Clark v. Quesinberry, No. 7:20-cv-00057, 2021 WL 5238601, at *1 (W.D. Va. May 11, 2021) (internal quotations omitted).

Certainly, some of the documents implicated in Childs-Beckham's sweeping sealing request would implicate the First Amendment right of access. United States v. Doe, 962 F.3d at 146 ("We have held that the First Amendment right applies to sentencings and plea hearings, as well as documents filed in connection with those proceedings."). However, whether this court views Childs-Beckham's motion to seal her entire case under common law or First

4

Amendment protection is inconsequential, as her proffered countervailing considerations against public access fail to meet the common law's less protective standard. See id. at 145 ("The common law does not afford as much substantive protection to the interests of the press and the public as does the First Amendment.").

Courts have permitted the sealing of individual documents, or groups of documents, where, for instance, either the safety of third persons was concerned or in the case of sensitive medical information. See, e.g., Harris, 890 F.3d at 492 ("[A]s a general rule, the need to protect the well-being of a criminal defendant's family members (and the defendant himself) is even more elevated if judicial records suggest that the defendant may have cooperated with law enforcement."); United States v. Maldonado, No. 1:14-cr-338 (RDA), 2022 WL 7610270, at *6 (E.D. Va. Oct. 13, 2022) (medical records); United States v. Baldwin, No. 3:21-CR-253-MOC-DCK, 2024 WL 3837882, at *1 (W.D.N.C. Aug. 14, 2024) (medical records).

In United States v. Ware, the court denied the defendant's motion to seal where "[t]he defendant's interests [were] based on possible employment decisions and other equitable interests." No. 5:97CR47-02, 2015 WL 2137133, at *2 (N.D. W. Va. May 7, 2015), aff'd mem. per curiam, 627 Fed. App'x. 261 (4th Cir. 2016). The Ware court noted that the Fourth Circuit has, for instance, denied a request to seal even "where the interest of the moving party was the confidentiality of medical review proceedings and the underlying medical records." Id. (citing Stone v. Univ. of Md. Med. Sys. Corp., 948 F.2d 128, 131 (4th Cir. 1991)). Here, Childs-Beckham argues that her criminal record causes her to be prohibited from pursuing certain jobs and educational opportunities. Thus, the reasons she gives mirror the equitable considerations in Ware, constituting insufficient countervailing considerations to overcome

the common law presumption of public access. Moreover, the instant case is dissimilar to those where courts have sealed certain documents, or groups of documents, pursuant to safety of the defendant or third persons, or concerns regarding sensitive medical information. As such, this court finds that Child-Beckham's criminal case proceedings should not be sealed.

### B. Motion to Expunge

Within the Fourth Circuit, some district courts have treated sweeping motions to seal criminal convictions as motions to expunge, as "[s]ealing the entire criminal record of the defendant would essentially have the same [e]ffect as if th[e] [c]ourt expunged the defendant's criminal record." Ware, 2015 WL 2137133, at *2; see United States v. Savage, No. DKC 16-0484-34, 2020 WL 7770982, at *2 (D. Md. Dec. 30, 2020) (examining the criminal defendant's motion to seal under the relevant standards of motions to seal and motions to expunge where the defendant argued that "federal courts have authority to seal dismissed criminal charges and thereby effectively expunge them" (internal quotations omitted)). Such an analysis would be redundant in the instant case, as this court has addressed two of Childs-Beckham's motions for expungement. ECF Nos. 49, 52. Moreover, Childs-Beckham's current motion to seal does not contain novel grounds in favor of expungement—i.e., reasons in addition to those provided in her previous motions for expungement. Accordingly, even if Childs-Beckham's motion to seal is construed as a motion to expunge, this court would deny such a motion, consistent with previous orders.

### CONCLUSION

For the reasons stated above, the court finds that Childs-Beckham's motion to seal or, in the alternative, motion to expunge, ECF No. 54, is **DENIED**.

An appropriate order will be entered.

Entered: March 13, 2025

Michael F. Urbanski
Senior United States District Judge